1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN MCCOY,                                  ) | Case No.: C 11-05054 PSG |
|                                        Plaintiff,  ) | **ORDER DENYING DEFENDANTS'** |
|                    v.                         ) | **MOTION FOR SANCTIONS** |
| CCA HOLDINGS CORPORATION, ET AL.,   ) | |
|                                       Defendants.  ) | **(Re: Docket No. 42)** |
| _____ ) | |

Defendants Charter Communication, Inc. doing business as Charter Communications

(CCI), Inc. and Charter Communications Properties LLC (collectively, "Defendants") move for

sanctions pursuant to Fed. R. Civ. P. 11(b). Plaintiff John McCoy ("McCoy") opposes the motion.[1]

Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be

held on October 2, 2012 is vacated. Having reviewed the papers and considered the arguments of

counsel,

IT IS HEREBY ORDERED that Defendants' motion for sanctions is DENIED.

---

[1] McCoy also seeks the reasonable attorneys' fees incurred in opposing the motion.

United States District Court
For the Northern District of California

On August 16, 2011, McCoy filed a complaint alleging a claim for trespass. On February 24, 2012, McCoy was deposed and as part of his deposition, he was presented with an email he had authored dated August 6, 2009. It states:

> Please also note that contrary to the documents from Charter, you actually never left my property in 1998 and later returned unannounced and without permission to bury additional new cables on my property to serve your customers in the two mobile home parks.

After the deadline for any amendments to the pleadings passed and after Defendants moved for summary judgment, McCoy moved for leave to amend the complaint. Defendants contend that McCoy's declaration filed in support of the motion seeking leave to amend the complaint contains a false statement made under oath. In McCoy's declaration, he states:

> After the complaint was filed in 2011, as a result of my subsequent discovery and investigation, I found evidence that defendants had entered my Rosedale property after the lease expired in 1998 to install, replace and upgrade underground cables.

Defendants argue that McCoy's August 6 email and his declaration contain contradictory statements and show that McCoy's claim that he only recently discovered evidence of further trespass after 1998 is false. Defendants notified McCoy of the false statement contained in his declaration and note that McCoy has neither withdrawn nor amended his declaration. On that basis, Defendants argue that sanctions should be imposed on McCoy pursuant to Fed. R. Civ. P. 11(b).

McCoy responds that based on the nature of Defendants' past and ongoing trespasses onto his property, the statement he made in the declaration was not false but rather clarified his understanding of Defendants' ongoing acts. McCoy originally believed that Defendants' trespasses ended on May 21, 2010 because they ceased any further lease negotiations with him at that time. In addition, this belief was confirmed after McCoy observed Defendants removing underground cables from his property. The complaint thus reflects allegations related to that end date. Only earlier this year, after McCoy discovered additional evidence of Defendants' past and post-lease trespasses as well as their ongoing trespasses, did he realize that Defendants subsequently installed

2

1   on his property, and are still using, cables for their subscribers at the adjacent Turner Lane Estates.

2   McCoy's proposed first amended complaint reflects the newly found evidence.

3          The court agrees with McCoy. Fed. R. Civ. P. 11(b) provides that "[b]y presenting to the

4   court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later

5   advocating it, -- an attorney or unrepresented party certifies that to the best of the person's

6   knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  . .

7   . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely

8   have evidentiary support after a reasonable opportunity for further investigation or discovery."

9   While the April 6, 2009 email indicates that McCoy knew of Defendants' trespasses from 1998 to

10  2009, it does not establish that the statement he made in his declaration lacks even a likelihood of

11  evidentiary support. The declaration statement on its face is uncontradicted: after filing his

12  complaint in 2011, McCoy found evidence in the document production that cables were installed

13  after 1998. While it might have been more helpful for McCoy to have addressed the post-August

14  2010 period at issue in his motion to amend, this does not render the statement as lacking any

15  evidentiary support. Defendants' request for sanctions is denied.

16          All other relief requested is denied.

17  **IT IS SO ORDERED.**

18  Dated:   10/1/2012

19                                                          PAUL S. GREWAL
                                                            United States Magistrate Judge

20

21

22

23

24

25

26

27

28

3